UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIRAN R. CASTEEL,

      Petitioner,

v.                                                              Case No: 5:23-cv-55-TPB-PRL

WARDEN, FCC COLEMAN –
LOW,

      Respondent.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1.

In November 2009, in the United States District Court for the Southern District of Iowa, a jury convicted Petitioner of carjacking, using or carrying a firearm in relation to a violent crime, obstruction of justice, and tampering with a witness. *United States v. Casteel*, No. 1:08-cr-00053-RP (S.D. Iowa). The trial court sentenced Petitioner to a 319-month term of incarceration. *Id.* In February 2012, a separate jury found Petitioner guilty of two counts of felon in possession of a firearm. *Id.* The trial court sentenced Petitioner to a 63-month term of incarceration for each count, to be served concurrently with

his sentence for the earlier four convictions. *Id.* Petitioner sought a direct appeal of both judgments of conviction, and the Eighth Circuit Court of Appeals affirmed his convictions and sentences. *United States v. Casteel*, 717 F.3d 635 (8th Cir. 2013). Petitioner later filed two § 2255 motions, one challenging each judgment and sentence. The trial court denied both § 2255 motions. *Casteel v. United States*, Nos. 4:14-cv-124-RP (S.D. Iowa), 4:14-cv-123-RP (S.D. Iowa). Petitioner is currently in BOP custody with a release date of May 8, 2031. *See* Federal Bureau of Prisons, Inmate Search, available at www.bop.gov (last visited Jan. 25, 2023).

In his Petition, Petitioner appears to challenge his convictions. He alleges the charging documents for the offenses and the arrest affidavits were insufficient, causing him to be "falsely arrested, falsely imprisoned, unlawfully detained and unlawfully convicted . . . ." *See generally* Doc. 1.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is unavailable to challenge the validity of a sentence except on very narrow grounds. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of

those grounds are present here, and thus Petitioner may not proceed under §

2241. As such, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.      This case is **DISMISSED without prejudice**.

2.      The Clerk shall enter judgment accordingly, terminate any

pending motions, and close this case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of January, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:      Tiran R. Casteel, #06958-030